# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **M.N.**

**No. 20-0370** (Randolph County 19-JA-37)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.S., by counsel Timothy H. Prentice, appeals the Circuit Court of Randolph County's February 25, 2020, order terminating her parental rights to M.N.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Melissa T. Roman, filed a response on behalf of the child also in support of the circuit court's order as well as a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period and without considering a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2019, the DHHR filed a child abuse and neglect petition against the father after he and the child were involved in a house fire. While at the hospital for the child's treatment of smoke inhalation, the DHHR worker observed the father to be impaired. The father later admitted to abusing marijuana, suboxone, and methamphetamine. As a result of the allegations against the father, the DHHR placed the child with petitioner, despite her admission to having a history of substance abuse. By November of 2019, the circuit court learned that the child was not regularly attending school and that petitioner was not submitting to required drug screens. After petitioner's continued failure to drug screen, the DHHR filed an amended petition naming petitioner as a

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

respondent parent in mid-November of 2019. Thereafter, petitioner waived her right to a preliminary hearing.

The circuit court held an adjudicatory hearing in December of 2019, during which petitioner stipulated to using methamphetamine and acknowledged that her drug use negatively impacted her ability to parent the child. The circuit court then adjudicated petitioner as an abusing parent. At the end of the hearing, the Family Treatment Court ("FTC") coordinator introduced herself to petitioner and gave her an information booklet on the FTC program. In January of 2020, the circuit court held a hearing on petitioner's motion for a post-adjudicatory improvement period. After hearing petitioner's testimony, the circuit court found that petitioner was "more angry about finding herself in these circumstances than she [wa]s about improving her circumstances." Nonetheless, the circuit court held petitioner's motion in abeyance to allow her time to contact the FTC coordinator.

In early February of 2020, at a status hearing upon petitioner's motion for an improvement period, the FTC coordinator testified that she met with petitioner and attempted to get her enrolled into the program, but petitioner failed to follow up with meetings and phone calls and failed to complete the assessments required for acceptance into the program. Next, the executive director for North Central Community Corrections testified that since November 2, 2020, petitioner submitted to thirty drug screens and tested positive for methamphetamine seven times and failed to submit to drug screens fourteen times. Petitioner testified that she missed one meeting with the FTC coordinator because it slipped her mind and that she had no logical explanation for not walking the few blocks to the drug screening location or the FTC program when her cell phone did not work. Ultimately, the circuit court held petitioner's motion for an improvement period in abeyance and ordered petitioner to meet the FTC coordinator and complete all assessments by February 11, 2020.

At the final dispositional hearing in mid-February of 2020, petitioner failed to appear, but was represented by counsel. Petitioner's counsel moved for a continuance and the circuit court denied the same, finding that petitioner was aware of the hearing date and had previously failed to appear and comply with the court's directives. The circuit court then denied petitioner's motion for an improvement period in light of her failure to contact the FTC coordinator and complete the assessments. Specifically, the circuit court stated that it

> made clear that the burden was on [petitioner] to meet with [the FTC coordinator] because the burden is on her to demonstrate that she would make an effort to participate in Family Treatment Court or an improvement period. [Petitioner] was clearly advised that her failure to do so would be considered in determining whether she was likely to participate.

At the close of evidence, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in

the near future and that termination was necessary for the child's welfare. Petitioner now appeals the February 25, 2020, dispositional order terminating her parental rights to the child.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period. According to petitioner, she was not allowed the "chance to remediate her parenting deficiencies by completing a formal improvement period" and that her testimony below showed that she was likely to participate in an improvement period. She further contends that the termination of her parental rights was not in the child's best interest because she and the child share a bond. We disagree and find that petitioner is entitled to no relief.

As this Court has recognized, a parent bears the burden of establishing that they are likely to fully comply with an improvement period in order to obtain one. *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004) (a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the [parent] is likely to fully participate in the improvement period'"). Here, the record overwhelmingly shows that petitioner failed to satisfy this burden, given her failure to follow through with the circuit court's directive to enroll into the FTC program. Petitioner was given three separate chances to reach out to the FTC coordinator and complete paperwork, yet she failed to do so. Petitioner admitted that her methamphetamine use negatively affected her ability to parent the child and failed at least seven drug screens during the pendency of the case, yet petitioner declined to address her drug addiction by enrolling into the FTC program. In fact, petitioner's own testimony at the status hearing in early November of 2020 established that she failed to take the circuit court's orders seriously given her failure to attend the meeting or provide a plausible explanation for her absence. The evidence presented clearly demonstrates that petitioner was unwilling to follow the circuit court's directives and was, therefore, unlikely to fully participate in an improvement period. Because petitioner failed to satisfy the burden for an improvement period,

---

[2]The father's parental rights were terminated below. The permanency plan for the child is adoption by her foster family.

we find no abuse of discretion in the circuit court's denial of her motion for the same. *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

This evidence likewise supports the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help."

Here, there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. As shown above, petitioner failed to follow the circuit court's directive of meeting with the FTC coordinator and completing intake paperwork and assessments. Petitioner blamed her lack of a cell phone on her inability to stay in touch with the DHHR worker and the FTC coordinator yet admitted that nothing stopped her from walking to the FTC's office a few blocks away from her home. During the proceedings below, petitioner tested positive for methamphetamine on at least seven occasions yet failed to attend any type of treatment or otherwise address her drug addiction. Based on the foregoing, we find no error in the circuit court's findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare.

To the extent petitioner claims the circuit court should have imposed a less-restrictive alternative, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). While petitioner claims she would have addressed her parental deficiencies with additional time, we have held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part (citation omitted). As such, it is clear that the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 25, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison